**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

**Case Title:** Maria Leah Pagtakhan     **Case No.:** 21-21652 - A - 13
                                          **Docket Control No.** GW-3
                                          **Date:** 11/16/2021
                                          **Time:** 9:00 AM

**Matter:** [55] - Motion/Application to Confirm Chapter 13 Plan [GW-3] Filed by Debtor Maria Leah Pagtakhan (lars)

**Judge:** Fredrick E. Clement
**Courtroom Deputy:** Janice Busch
**Reporter:** Not Recorded
**Department:** A

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

**CIVIL MINUTES**

**Motion:** Confirm Chapter 13 Plan
**Notice:** LBR 3015-1(d)(2), 9014-1(f)(1); non opposition filed by the trustee
**Disposition:** Continued to December 17, 2021, at 9:00 a.m.
**Order:** Civil minute order

**Subject:** First Amended Chapter 13 Plan filed August 2, 2021

The debtor requests confirmation of his chapter 13 plan filed September 29, 2021. The trustee has filed a non-opposition to the plan. The most recently filed Schedules I and J were filed on May 18, 2021.

The debtor has the burden of proving that the plan complies with all statutory requirements of confirmation. *In re Andrews*, 49 F.3d 1404, 1407-08 (9th Cir. 1995); *In re Barnes*, 32 F.3d 405, 407-08 (9th Cir. 1994).

**FEASIBILITY**

The debtor must prove that the plan is feasible. 11 U.S.C. § 1325(a)(6). Feasibility is a "factual determination" as to the plan's

"reasonable likelihood of success." *First Nat'l Bank of Boston v. Fantasia (In re Fantasia)*, 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997). The bankruptcy court needs to "be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan." *Id.* As one court summarized feasibility, "Thus, a plan is not feasible and is not confirmable if a debtor's income will not support the plan's proposed payments. *In re Barnes*, 275 B.R. 889, 894 (Bankr. E.D. Cal.2002) ("[T]he debtors showed no disposable income with which to fund a plan.... [T]he debtors have been unable to actually pay the amount projected ... to the trustee."); *In re Bernardes*, 267 B.R. 690, 695 (Bankr. D.N.J. 2001) ("While the feasibility requirement is not rigorous ... the plan proponent must, at minimum, demonstrate that the Debtor's income exceeds expenses by an amount sufficient to make the payments proposed by the plan."); *In re Wilkinson*, 99 B.R. 366, 369 (Bankr. N.D. Ohio 1989) ("[D]ebtors will not be able to comply with the plan and make all payments thereunder")." *In re Buccolo*, 397 B.R. 527, 530 (Bankr. D.N.J. 2008), *aff'd*, 2009 WL 2132435 (D.N.J. July 13, 2009).

Here, the debtor has not carried that burden. In this case, the movant's Schedules I and J were filed on May 18, 2021. Consequently, they are not recent enough to be probative of the debtor's ability to perform the plan.

The debtor has not supported the plan by filing recently amended Schedules I and J. Without those documents, the court and the chapter 13 trustee are unable to determine whether the plan is feasible or whether the plan has been proposed in good faith. *See* 11 U.S.C. § 1325(a)(3), (6).

The court will continue this matter to allow the debtor to provide the amended Schedules I and J.